**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| NEW LOUISIANA HOLDINGS, LLC, et al. | § | CASE NO. 14-50756 |
| | § | |
| DEBTORS. | § | (Jointly Administered) |

_____

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SA-ENC OPERATOR HOLDINGS, LLC | § | CASE NO. 15-50617 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SA-ENC BLU FOUNTAIN, LLC | § | CASE NO. 15-50613 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SA-ENC FORT MYERS, LLC | § | CASE NO. 15-50614 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SA-ENC GLENNON PLACE ALF, LLC | § | CASE NO. 15-50615 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SA-ENC GLENNON PLACE, LLC | § | CASE NO. 15-50616 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**Motion For Interim and Final Orders Authorizing the Debtors to Use Cash Collateral
and To Provide Adequate Protection** - Page 1

15-50614 - #9  File 05/21/15  Enter 05/21/15 13:41:24  Main Document  Pg 1 of 20

| IN RE: | § | |
| --- | --- | --- |
| SA-ENC PARK HAVEN, LLC | § | CASE NO. 15-50618 |
| DEBTOR. | § | CHAPTER 11 |

| IN RE: | § | |
| --- | --- | --- |
| SA-ENC PH HOLDINGS, LLC | § | CASE NO. 15-50619 |
| DEBTOR. | § | CHAPTER 11 |

| IN RE: | § | |
| --- | --- | --- |
| SA-ENC SUNRISE GP, LLC | § | CASE NO. 15-50620 |
| DEBTOR. | § | CHAPTER 11 |

| IN RE: | § | |
| --- | --- | --- |
| SA-ENC TONGANOXIE, LLC | § | CASE NO. 15-50621 |
| DEBTOR. | § | CHAPTER 11 |

| IN RE: | § | |
| --- | --- | --- |
| SA-ENC VIP MANOR, LLC | § | CASE NO. 15-50622 |
| DEBTOR. | § | CHAPTER 11 |

**EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS
AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL
AND TO PROVIDE ADEQUATE PROTECTION TO
<u>PARTIES ASSERTING AN INTEREST IN CASH COLLATERAL</u>**

SA-ENC Operator Holdings, LLC, SA-ENC Blu Fountain, LLC, SA-ENC Fort Myers, LLC, SA-ENC Glennon Place ALF, LLC, SA-ENC Glennon Place, LLC, SA-ENC Park Haven, LLC, SA-ENC PH Holdings, LLC, SA-ENC Sunrise GP, LLC, SA-ENC Tonganoxie, LLC, and SA-ENC VIP Manor, LLC (each, a "<u>Debtor</u>" and collectively, the "<u>Encore Debtors</u>"), as debtors

**Motion For Interim and Final Orders Authorizing the Debtors to Use Cash Collateral
and To Provide Adequate Protection                                                                                                - Page 2**

15-50614 - #9  File 05/21/15  Enter 05/21/15 13:41:24  Main Document  Pg 2 of 20

and debtors-in-possession, file this motion (the "Motion") for interim and final orders authorizing the Encore Debtors to use cash collateral and to provide adequate protection to prepetition lenders, and in support thereof, state as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. INTRODUCTION

2. On May 20, 2015 (the "Petition Date"), the Encore Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Also on or prior to the Petition Date, certain affiliates of the Encore Debtors (collectively with Encore Debtors, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Encore Debtors' affiliates' cases are being jointly-administered before the Court under the style *In re New Louisiana Holdings, LLC*, Case No14-50756. A motion seeking the joint administration of the Encore Debtors' Chapter 11 cases with those of the other Debtors is being filed concurrently with this Motion. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, each of the Encore Debtors continues to operate its business and manage its properties, affairs and assets as a debtor-in-possession.

## III. BACKGROUND

3. The Encore Debtors operate or formerly operated seven (7) skilled nursing facilities, three of which are located in Illinois (the "Illinois Facilities") and one of which is located in Florida (the "Florida Facility"); the other facilities are located in Texas, Missouri and Kansas. A more detailed description of the Encore Debtors' businesses, as well as the events leading to the commencement of the Encore Debtors' Chapter 11 cases, is set forth in the

**Motion For Interim and Final Orders Authorizing the Debtors to Use Cash Collateral**
**and To Provide Adequate Protection** **- Page 3**

15-50614 - #9  File 05/21/15  Enter 05/21/15 13:41:24  Main Document  Pg 3 of 20

Declaration of Raymond Mulry (the "First Day Declaration") filed concurrently with this Motion, and is incorporated herein by reference.

## IV. PRE-PETITION INDEBTEDNESS

4. The Encore Debtors and Encore Nursing Center Partners Limited Partnership-85 (the "Prepetition Lender") are parties to that certain Loan and Security Agreement, dated January 1, 2007 (as amended or supplemented thereafter, the "Prepetition Loan Agreement"), pursuant to which the Prepetition Lender agreed to make available to the Encore Debtors a revolving line of credit (the "Loan"). The Loan was evidenced by a Promissory Note, dated January 1, 2007, as amended by that certain First, Second, Third and Fourth Allonge to Promissory Note dated as of January 23, 2008, May 6, 2008, August 19, 2008 and December 31, 2008, respectively, in the principal amount of $5,378,000 (the "Note" and, together with the Prepetition Loan Agreement and any related documents, the "Prepetition Loan Documents"), executed by the Encore Debtors in favor of the Prepetition Lender.

5. In connection with the Loan and the Note, the Encore Debtors granted to the Prepetition Lender a continuing security interest in and lien upon (the "Prepetition Senior Liens") on all or substantially all of the Encore Debtors' assets, including the following: (i) all tangible personal property, including, without limitation all present and future inventory and equipment; (ii) all accounts, payment intangibles, instruments and other rights to receive payments; (iii) all general intangibles, chattel paper, documents, supporting obligations, letter of credit rights, investment property, rights, remedies, guarantees and collateral evidencing, securing or otherwise relating to the foregoing; (iv) all lockboxes, all and other deposit accounts into which any of the collections on any of the foregoing are deposited; (v) all books and records related to the foregoing; (vi) all information and data compiled or derived by the Encore Debtors

**Motion For Interim and Final Orders Authorizing the Debtors to Use Cash Collateral**
**and To Provide Adequate Protection** - Page 4

15-50614 - #9  File 05/21/15  Enter 05/21/15 13:41:24  Main Document  Pg 4 of 20

with respect to the foregoing; and (vii) any all proceeds and products of the foregoing (collectively, the "Collateral").

6. The Prepetition Lender made loans and advances to the Encore Debtors in a maximum principal amount of up to $5.378 million, pursuant to the terms and conditions set forth in the Prepetition Loan Documents. Beginning in 2008 and continuing at various times thereafter, certain Events of Default (as defined in the Prepetition Loan Documents) occurred, and the parties entered into various allonges to the Note.

7. Additionally, the Encore Debtors and the Prepetition Lender entered into a Forbearance Agreement, dated as of December 31, 2008 (the "Forbearance Agreement"), pursuant to which, *inter alia*, the parties agreed, subject to the terms and conditions of the Forbearance Agreement, that the Prepetition Lender would forbear from exercising any remedies until February 28, 2009. The parties further agreed that upon the termination of the forbearance period on February 28, 2009, and a failure of the Encore Debtors to reduce the outstanding principal balance on the Note to $1,378,000, the indebtedness due under the Note shall be due and payable in full and the Prepetition Lender would be able to exercise any remedies to which it was entitled under the Prepetition Loan Documents.

8. The Encore Debtors failed to reduce the principal amount of the Note as required by the Forbearance Agreement, and the Note became due and payable no later than March 1, 2009.

9. As of the Petition Date, the Prepetition Lender had not commenced any action to recover the sums allegedly due under the Note.

## V. RELIEF REQUESTED

10. Prior to the Petition Date, the Encore Debtors conducted a lien search to determine which entities asserted a lien on the Encore Debtors' "cash collateral". The lien

**Motion For Interim and Final Orders Authorizing the Debtors to Use Cash Collateral**
**and To Provide Adequate Protection** - Page 5

15-50614 - #9  File 05/21/15  Enter 05/21/15 13:41:24  Main Document  Pg 5 of 20

search revealed the liens filed by the Prepetition Lender, as well as a lien filed by US Foods, Inc. ("US Foods").

11. However, the Encore Debtors do not believe that the Prepetition Lender's liens constitute duly perfected, non-avoidable liens against the Collateral because, among other things, the limitations period has expired. Furthermore, the Encore Debtors are investigating the validity, priority and extent of US Foods' purported lien.

12. The Encore Debtors collect accounts receivable and uses those funds to meet operating expenses related to the Florida Facility. To the extent that the Prepetition Lender and US Foods' liens and claims are valid, the Encore Debtors' cash may constitute "cash collateral," as such term is defined in Section 363(a) (the "Cash Collateral").1

13. In order to continue to operate and to preserve the value of their assets, including the Florida Facility currently operated by SA-ENC Fort Myers, LLC, and allow the Encore Debtors to maintain the safety and proper care of the residents of the Florida Facility, the Encore Debtors will be required to use and disburse Cash Collateral during the pendency of these bankruptcy cases. Specifically, the Encore Debtors require use of Cash Collateral to pay wages, food costs, maintenance expenses, utility expenses, and insurance premiums related to the Florida Facility, among other things. A budget reflecting necessary disbursements anticipated from the Petition Date through June 26, 2015 is attached to this motion as **Exhibit A** (the "Budget"). By this Motion, the Encore Debtors request the authority to use Cash Collateral in accordance with the Budget pursuant to Section 363(c).

---

1 In addition, certain of the Encore Debtors occasionally receive funds with respect to the Illinois Facilities that relate to periods after the operations of the Illinois Facilities were transferred. These funds constitute property of the new operators, are not the Cash Collateral of any of the Encore Debtors' secured creditors, and the Encore Debtors are required to remit such funds to the new operators upon receipt.

**Motion For Interim and Final Orders Authorizing the Debtors to Use Cash Collateral and To Provide Adequate Protection** - Page 6

15-50614 - #9  File 05/21/15  Enter 05/21/15 13:41:24  Main Document  Pg 6 of 20

14. As adequate protection against any post-Petition Date erosion of the Cash Collateral within the meaning of Sections 361 and 363, the Encore Debtors propose to grant the Prepetition Lender and US Foods a replacement lien in all post-petition collateral that is subject to their pre-petition liens to the same extent, priority and validity as existed on the Petition Date. Accordingly, the Encore Debtors request an order granting the replacement liens as described herein.

## VI. BASIS FOR RELIEF

15. Pursuant to Section 363(c)(2) of the Bankruptcy Code, a debtor may not use, sell or lease cash collateral unless "(A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2). The Encore Debtors seek authority to use the Cash Collateral in return for the adequate protection liens and the terms and conditions set forth herein and an interim order entered by the Court.

16. Pursuant to Section 363(e) of the Bankruptcy Code, a court may condition a debtor's use of cash collateral as necessary to provide adequate protection of a party's interest in the cash collateral. 11 U.S.C. § 363(e). A determination of what constitutes adequate protection is made on a case by case basis. *MBank Dallas, N.A. v. O'Connor (In re O'Connor)*, 808 F.2d 1393, 1396-97 (10th Cir. 1987); *In re Snowshoe Co.*, 789 F.2d 1085, 1088 (4th Cir. 1986); *In re Martin*, 761 F.2d 472, 474 (8th Cir. 1985). The Court may provide such adequate protection by, *inter alia*, granting additional or replacement liens to the extent the use of cash collateral results in a decrease in the value of an entity's lien or interest in the cash collateral. 11 U.S.C. § 361(a)(2).

17. As adequate protection for the use of Cash Collateral, the Encore Debtors propose to grant the Prepetition Lender and US Foods replacement and/or substitute liens on all post-

**Motion For Interim and Final Orders Authorizing the Debtors to Use Cash Collateral**
**and To Provide Adequate Protection - Page 7**

15-50614 - #9 File 05/21/15 Enter 05/21/15 13:41:24 Main Document Pg 7 of 20

petition collateral as provided in Section 361(a)(2) of the Bankruptcy Code (the "Adequate Protection Liens"). The replacement liens shall have the same validity, extent, and priority as the liens, if any, that the Prepetition Lender and US Foods possessed on the Petition Date.

18. Prior to the hearing on this Motion, the Encore Debtors hope to obtain the consent of the Prepetition Lender and US Foods to use cash collateral in accordance with the terms and conditions of the proposed form of order attached hereto as **Exhibit B**. The Encore Debtors believe that the use of Cash Collateral in accordance with the Budget, and the continued operation of the Florida Facility, is in the best interests of all stakeholders, and expect that the parties will agree on a form of order, and will submit an agreed order for the Court's consideration at the interim hearing. However, to the extent that the Prepetition Lender and/or US Foods does not consent, the Encore Debtors request an order authorizing the use of Cash Collateral pursuant to Section 363 of the Bankruptcy Code.

19. Bankruptcy Rule 4001(b)(2) provides that a final hearing on a motion to use cash collateral may not be commenced earlier than fourteen (14) days after the service of such motion. Upon request, however, the Court is empowered to conduct a preliminary expedited hearing on the motion and authorize the use of cash collateral and the obtaining of credit to the extent necessary to avoid immediate and irreparable harm to a debtor's estate pending a final hearing.

20. Pursuant to Bankruptcy Rule 4001(b), the Encore Debtors request that the Court conduct an expedited preliminary hearing on this Motion and authorize the Encore Debtors to use cash collateral on an interim basis, pending entry of a final order, in order to (i) maintain and finance the Encore Debtors' ongoing operations, (ii) ensure the safety and proper care and treatment of the residents of the Florida Facility, and (iii) avoid immediate and irreparable harm and prejudice to their estates and all parties in interest. The Encore Debtors request that the

**Motion For Interim and Final Orders Authorizing the Debtors to Use Cash Collateral**
**and To Provide Adequate Protection** - Page 8

15-50614 - #9  File 05/21/15  Enter 05/21/15 13:41:24  Main Document  Pg 8 of 20

Court subsequently schedule a Final Hearing on June 23, 2015 to consider the entry of a final order.

21. As discussed above, the Encore Debtors have an urgent and immediate need to utilize Cash Collateral to continue to operate and maintain the Florida Facility. Absent immediate authorization from the Court to utilize Cash Collateral, as requested, on an interim basis pending a final hearing on the motion, the Encore Debtors will be forced to terminate the operations of the Florida Facility which will create a hardship on current residents as well as destroying any value for creditors. Accordingly, the interim relief requested is critical to preserving and maintaining the value of the Encore Debtors' estates.

## VII. NOTICE

22. No trustee, examiner, or creditors' committee has been appointed in this case. A copy of this Motion has been served on (i) the United States Trustee for the Western District of Louisiana, (ii) the Prepetition Lender and its counsel (if known), (iii) US Foods, (iv) the Encore Debtors' twenty (20) largest unsecured creditors on a consolidated basis, and (v) certain federal, state and local taxing authorities and governmental entities, all as set forth on the attached service list. The Encore Debtors submit that no other or further notice need be provided.

**Motion For Interim and Final Orders Authorizing the Debtors to Use Cash Collateral**
**and To Provide Adequate Protection** - Page 9

15-50614 - #9  File 05/21/15  Enter 05/21/15 13:41:24  Main Document  Pg 9 of 20

## VIII.  PRAYER

Accordingly, the Encore Debtors request that the Court enter an order (i) granting the relief requested in this Motion and (ii) awarding the Encore Debtors any further relief the Court deems appropriate.

Dated:  May 21, 2015                                            Respectfully submitted,

NELIGAN FOLEY LLP

By: */s/ Patrick J. Neligan, Jr.*
Patrick J. Neligan, Jr.
Texas State Bar No. 14866000
pneligan@neliganlaw.com
James P. Muenker
Texas State Bar No. 24002659
jmuenker@neliganlaw.com

325 N. St. Paul, Suite 3600
Dallas, Texas  75201
Telephone:  214-840-5300
Facsimile:  214-840-5301

**PROPOSED COUNSEL FOR THE ENCORE DEBTORS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2015, a true and correct copy of the foregoing document was served on each of the Notice Parties on the attached list by U.S. First Class Mail, postage prepaid.  A copy of this Motion was also emailed to the U.S. Trustee.

*/s/ Patrick J. Neligan, Jr.*
Patrick J. Neligan, Jr.

**Motion For Interim and Final Orders Authorizing the Debtors to Use Cash Collateral and To Provide Adequate Protection                                                                          - Page 10**
81630v.3

15-50614 - #9  File 05/21/15  Enter 05/21/15 13:41:24  Main Document  Pg 10 of 20

# EXHIBIT A

**Citrus Gardens of Fort Myers**
**Disbursement Schedule**
**Week Beginning 05/25 through Week Ending 06/26/2015**

|  | Forecast May 2015 25-May-15 29-May-15 | Forecast Jun 2015 30-May-15 26-Jun-15 | Total (5 Wks) May 25, 2015 - 26-Jun-15 |
|---|---|---|---|
| **Employee Costs** |  |  |  |
| Payroll | 46.0 | 382.0 | 428.0 |
| Employee T&E | 1.5 | 6.0 | 7.5 |
| American Express / VISA Pcards | - | 12.0 | 12.0 |
| Benefits | - | 12.0 | 12.0 |
| Health Insurance - Employer Costs | - | 41.7 | 41.7 |
| Workers Comp | - | 3.7 | 3.7 |
| **Total Employee Costs** | 47.5 | 457.4 | 504.9 |
| **Operating Cash Outflows:** |  |  |  |
| Rent | - | - | - |
| Provider Fee | - | 72.3 | 72.3 |
| Halcyon - Therapy | - | 25.6 | 25.6 |
| Bank Fees | - | 1.0 | 1.0 |
| Laundry/Housekeeping | - | 6.3 | 6.3 |
| Medline | 3.0 | 20.0 | 23.0 |
| Pharmacy | 12.2 | 48.9 | 61.2 |
| Food | 5.5 | 22.0 | 27.5 |
| Utilities | 4.0 | 37.0 | 41.0 |
| Misc & Local Vendors | 15.0 | 65.0 | 80.0 |
| **Total Operating Cash Outflows** | 39.7 | 298.1 | 337.9 |
| **Non Operating Cash Outflows:** |  |  |  |
| Taxes - Property / Sales & Use Tax | - | 1.0 | 1.0 |
| **Total Non Operating Cash Outflows** | - | 1.0 | 1.0 |
| **Corporate/Shared Expenses** |  |  |  |
| Management Fee/Regional Director | - | 5.0 | 5.0 |
| Vendor Allocations - Shared Expenses | - | 1.5 | 1.5 |
| **Total Corporate Cash Outflows:** | - | 6.5 | 6.5 |
| **Total Cash Outflows Flow** | 87.2 | 763.0 | 850.3 |

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| IN RE: | § | CHAPTER 11 |
|---|---|---|
| | § | |
| NEW LOUISIANA HOLDINGS, LLC, et al. | § § § | CASE NO. 14-50756 |
| | § | |
| DEBTORS. | § | (Jointly Administered) |

| IN RE: | § | |
|---|---|---|
| | § | |
| SA-ENC OPERATOR HOLDINGS, LLC | § | CASE NO. 15-50617 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

| IN RE: | § | |
|---|---|---|
| | § | |
| SA-ENC BLU FOUNTAIN, LLC | § | CASE NO. 15-50613 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

| IN RE: | § | |
|---|---|---|
| | § | |
| SA-ENC FORT MYERS, LLC | § | CASE NO. 15-50614 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

| IN RE: | § | |
|---|---|---|
| | § | |
| SA-ENC GLENNON PLACE ALF, LLC | § | CASE NO. 15-50615 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

| IN RE: | § | |
|---|---|---|
| | § | |
| SA-ENC GLENNON PLACE, LLC | § | CASE NO. 15-50616 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

| IN RE: | § | |
| --- | --- | --- |
| SA-ENC PARK HAVEN, LLC | § § § | CASE NO. 15-50618 |
| DEBTOR. | § § | CHAPTER 11 |

| IN RE: | § | |
| --- | --- | --- |
| SA-ENC PH HOLDINGS, LLC | § § § | CASE NO. 15-50619 |
| DEBTOR. | § § | CHAPTER 11 |

| IN RE: | § | |
| --- | --- | --- |
| SA-ENC SUNRISE GP, LLC | § § § | CASE NO. 15-50620 |
| DEBTOR. | § § | CHAPTER 11 |

| IN RE: | § | |
| --- | --- | --- |
| SA-ENC TONGANOXIE, LLC | § § § | CASE NO. 15-50621 |
| DEBTOR. | § § | CHAPTER 11 |

| IN RE: | § | |
| --- | --- | --- |
| SA-ENC VIP MANOR, LLC | § § § | CASE NO. 15-50622 |
| DEBTOR. | § § | CHAPTER 11 |

**INTERIM ORDER APPROVING DEBTORS' EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL AND TO PROVIDE ADEQUATE PROTECTION TO PARTIES ASSERTING AN INTEREST IN CASH COLLATERAL**

Upon consideration of the motion of SA-ENC Operator Holdings, LLC, SA-ENC Blu Fountain, LLC, SA-ENC Fort Myers, LLC, SA-ENC Glennon Place ALF, LLC, SA-ENC Glennon Place, LLC, SA-ENC Park Haven, LLC, SA-ENC PH Holdings, LLC, SA-ENC Sunrise GP, LLC, SA-ENC Tonganoxie, LLC, and SA-ENC VIP Manor, LLC (each, a "Debtor" and

collectively, the "Encore Debtors"), as debtors and debtors-in-possession, pursuant to Sections 105(a) and 363(c) of the Bankruptcy Code to request interim and final orders authorizing the Encore Debtors to use cash collateral and grant adequate protection to the Encore Debtors' pre-petition Secured Lenders (the "Motion"),[1] the Court finds as follows:

(i) it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b)(2) and 1334;

(ii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409;

(iii) the relief requested in the Motion is necessary and appropriate under Federal Rule of Bankruptcy Procedure 4001(c)(2) in order to avoid immediate and irreparable harm to the Encore Debtors' estates; and

(iv) the relief requested in the Motion is in the best interests of the Encore Debtors, their estates, and creditors.

Having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this court, the Court determines that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein.

**IT IS THEREFORE ORDERED** that the Motion is granted on a interim basis as provided herein.

**IT IS FURTHER ORDERED** that, pursuant to Section 363(c)(2)(B), the Encore Debtors are hereby authorized to use Cash Collateral, solely and in strict accordance with the Budget set forth in **Exhibit A** with a variance of 10% permitted on a line-item basis and a variance of 10% on the aggregate amount of the Budget, or if the Secured Lenders consent in writing to the expenditure.

**IT IS FURTHER ORDERED** that, in exchange for the Encore Debtors' use of Cash

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Interim Order Providing Use of Cash Collateral- Page 3

15-50614 - #9   File 05/21/15   Enter 05/21/15 13:41:24   Main Document   Pg 16 of 20

Collateral, and as adequate protection for the Secured Lenders' interests therein, the Secured Lenders are hereby granted replacement and/or substitute liens as provided in 11 U.S.C. § 361(2) in all post-petition assets of the Encore Debtors and proceeds thereof, excluding any causes of action under Chapter 5 of the Bankruptcy Code, to the extent of any diminution in value of the Secured Lenders' pre-petition collateral. Such replacement liens shall have the same validity, extent, and priority as the liens that the Secured Lenders possessed on the Petition Date.

**IT IS FURTHER ORDERED** the secured position of the Secured Lenders that existed on the Petition Date shall not improve by virtue of the granting of the replacement liens as set forth herein. It is the purpose and intent of this order to allow the Encore Debtors to use Cash Collateral on a revolving basis and to provide the Secured Lenders with liens upon post-petition assets only to the extent that the Secured Lenders held valid liens as of the Petition Date, so that the Secured Lenders' interests therein will not be diminished during this Chapter 11 case.

**IT IS FURTHER ORDERED** that, notwithstanding any provision of this order, nothing herein shall be deemed to be an adjudication or a declaration by the Court of rights with respect to the existence, validity, enforceability, subordination or priority of, or any causes of action relating to, the liens or security interests granted by the Encore Debtors or possessed by the Secured Lenders prior to the Petition Date. This order does not provide for cross-collateralization. This order is without prejudice to any party-in-interest challenging the validity of pre-petition liens of the Secured Lenders.

**IT IS FURTHER ORDERED** that a Final Hearing on the Motion shall be held on _____, 2015 at _____ \_\_.m. and service of this order shall constitute adequate notice of the final hearing on the Motion. Any objections to the Motion shall be filed no later than 5:00 p.m. (CDT) on _____, 2015.

**IT IS FURTHER ORDERED** that this order is without prejudice to the rights of parties in interest at the Final Hearing.

### END OF ORDER###

# ENCORE DEBTORS' SERVICE LIST

Office of the United States Trustee
300 Fannin Street, Suite 3196
Shreveport, LA  71101

Halcyon Rehabilitation
4 West Red Oak Lane, Suite 201
White Plains, NY  10604

Medline Industries
P.O. Box 382075
Pittsburgh, PA  15251-8075

Home Pharmacy Services, LLC
345 Dunn Road
Florissant, MO  63031

Lawrence Memorial Hospital
346 Maine, Suite 100
Lawrence, KS  66044

Arjohuntleigh Inc.
P.O. Box 640799
Pittsburgh, PA  15264-0799

Direct Supply Local Services
6767 N. Industrial Road
Milwaukee, WI  53223

Dr. Venkat Srinivasan
102 Palo Alto Road, Suite 300
San Antonio, TX  78211-3791

United Seating & Mobility LLC
975 Hornet Drive
Hazelwood, MO  63042

Inpatient Consultants of Texas, Inc.
7330 San Pedro Avenue, #540
San Antonio, TX  78216

US Foodservice
3682 Collections Center Drive
Chicago, IL  60693-0036

Encore Nursing Center Partners Limited
Partnership - 85
707 Westchester Avenue, #401
White Plains, NY  10604

Healthcare Services Group, Inc.
3220 Tillman Drive, Suite 300
Bensalem, PA  19020

Omnicare Pharmacy
Omnicare LB #715268
340 South Cleveland Ave.,
Bldg. 370 OH1-0471
Westerville, OH  43081

Heartland Health Laboratories, Inc.
10435 Lackman Road
Lenexa, KS  66219

Cape Coral Hospitalists
13607 Pine Ville Lane
Ft. Myers, FL  33912

Direct Supply
6767 N. Industrial Road
Milwaukee, WI  53223

Direct Supply Health Care Equipment
Box 88201
Milwaukee, WI  53288-0201

Joerns Healthcare
P.O. Box 933733
Atlanta, GA  31193

American Ambulance Inc.
P.O. Box 17749
San Antonio, TX  78217

United Seating & Mobility LLC
975 Hornet Drive
Hazelwood, MO  63042

Agency for Healthcare Administration
P.O. Box 13749
Tallahassee, FL  32317-3749

81868v.1

Secretary of the Treasury
United States of America
1500 Pennsylvania Avenue NW
Washington, DC  20220

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA  19101-7346

U.S. Securities & Exchange Commission
Chicago Regional Office
175 W. Jackson Blvd., Suite 900
Chicago, IL  60604

Encore Cypress LLC/Encore Sunrise LP
707 Westchester Avenue, #401
White Plains, NY  10604

81868v.1